JOSEPH S. BRADSTREET, and another, *vs.* HENRY INGALLS.

Lincoln.    Opinion February 4, 1892.

*Attachment.    Shipping.*

A vessel at sea cannot be constructively attached, under the laws of Maine, by an officer upon the land.

An officer made return on a writ that he had attached, so far as he had power so to do, a vessel then at sea, and sought to make the attachment effective as of the date of the return by actual seizure of the vessel afterwards on her arrival in port.    *Held;* that no attachment had been created by the return.

ON REPORT.

This was an action of debt brought seasonably against the defendant upon the following agreement and signed by him :

"Whereas Joseph S. Bradstreet and Frederic T. Bradstreet, of Gardiner in the county of Kennebec, doing business under the firm name of J. S. and F. T. Bradstreet, sued out a writ of attachment in their names against Isaac T. Hobson of Wiscasset in the county of Lincoln, dated May 31st, A. D., 1888, and returnable to the Supreme Judicial Court then next to be holden at said Wiscasset on the fourth Tuesday of October, A. D., 1888, on which writ it is alleged by the plaintiffs therein that an attachment was made on the first day of June, A. D., 1888, of the steamer Lincoln, of said Wiscassett, which alleged attachment and the validity thereof, the defendant in said writ denies and claims that said alleged attachment was and is void and of no effect, which said writ was served on said defendant on the 4th day of October, A. D., 1888, and the action thereon is now pending in said court, and whereas John E. Kelley, the officer who made said service, on the 4th day of May, A. D., 1889, put keepers on board of said steamer and now holds possession of the same.

"Now, therefore, I, Henry Ingalls, of said Wiscasset, not admitting but denying that there was at any time any attachment of said steamer on said writ, and alleging that said steamer is unlawfully held by said Kelley, in consideration that said Kelley will release said steamer from his custody, hereby agree that if said alleged attachment shall be held and decided by said

court as a court of law to be valid and binding, I will pay the said plaintiffs the debt and costs which may be recovered in said suit, provided an action to test the validity of said alleged attachment shall be commenced within eighteen months from this date.

"Dated at Wiscasset aforesaid, this 11th day of May, A. D., 1889.                                Henry Ingalls."

*R. K. Sewall,* for plaintiffs.

Property in ships exists in and passes by muniments of title, and the attachment in question covered the muniments of Hobson's title in the steamer Lincoln, and was a lien thereon in the nature of a marine hypothecation, in hands of the officer for the creditor's benefit, though at sea. There is no reason in law or justice why this court should not hold the attachment valid, and the possession in which it eventuated, legal. Such consideration of the law and its application in the premises, is matter of sound equitable judicial discretion, consistent with public policy, in aid of good conscience and fair dealing, and a safeguard to business integrity, against collusive attempts to defeat creditor's just rights.

Counsel cited: R. S., c. 81, § 26; 3 Kent's Com. p. 186; Pars. Mar. Law. p. 328; *Sch. Ann.* 4 Mason, 661; *Brig Fair American, Id.* 183; *Bicknell* v. *Trickey,* 34 Maine, 273.

*George B. Sawyer,* for defendant.

PETERS, C. J. The plaintiffs sued Isaac T. Hobson, and undertook to attach on the writ a steamboat, standing of record at the custom house in Hobson's name, by having the officer return a copy of his doings on the writ into the clerk's office of the town where Hobson resided; although the steamboat was not actually seized by the officer at the time of the pretended attachment nor until after the term of court had adjourned to which the writ was returnable. The boat was afterwards seized by the officer when it came within his jurisdiction, and released upon the agreement, given by the defendant in this action to the plaintiffs, to the effect that he would pay the plaintiffs' claim if their attachment should be held by this court to be valid.

The sheriff's amended return is as follows: "Lincoln, ss. On the first day of June, A. D., 1888, by virtue of this writ, I have this day, at six o'clock in the afternoon, attached the steamer Lincoln of Wiscasset, as the property of the within named defendant, valued at five thousand dollars, now at sea, so far as I have the power to make such attachment, the said steamer being at sea and so far as is known to me is not in the town of Wiscasset, or within my precinct or jurisdiction, *its* present location being unknown to me, and on the second day of June, A. D., 1888, within five days after said attachment as aforesaid, I filed in the office of the clerk of the town of Wiscasset an attested copy of so much of my return on this writ as relates to said attachment of said steamer, with the value of the defendant's property which I am by said writ commanded to attach, the names of the parties, the date of the writ and the court to which it is returnable.     John E. Kelley, sheriff."

An interesting argument has been submitted by plaintiffs' counsel in support of the validity of the attachment, founded upon maritime rather than common law theories, but impressing us as being in contradiction of our statutory system on the subject of attachments, and contrary to a long settled and well approved practice.   The innovation would be too great to admit the legality of such an attachment.   To make an effective attachment of a vessel, or of any personal property, an officer must make an actual seizure.   *Nichols* v. *Patten*, 18 Maine, 231.   He cannot attach a vessel absent and afloat upon the sea while he is upon the land.   The facts fail to support the action.

*Plaintiffs nonsuit.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.